**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **CITI APPROVED ENTERPRISE L L C** | **CASE NO. 2:26-CV-02244** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GARRISON INDUSRIAL SERVICES L L C ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is "RLI Insurance Company's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. 7) wherein Defendant RLI Insurance Company ("RLI") moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss the Complaint filed by Plaintiff, Citi Approve Enterprise, LLC ("Citi"), for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff, Citi, entered into a construction contract with the United States Army Corps of Engineer (the "USACE.') to perform roofing and siding work (the "Project") at Fort Polk, Louisiana.[1] At the commencement of the work performed, Citi secured a bond in the amount of $275,015 issued by RLI, as surety for the protection of persons supplying labor and material, namely, the contractor, Garrison Industrial Services, Inc. ("Garrison").[2]

Citi alleges that Garrison failed to properly perform its obligations under the contract between Citi and Garrison, specifically, to:

[1] Complaint, Doc. 1. City is the "Contractor" and the Corp. is the "owner."
[2] *Id.* p. 2.

> *regularly remove from the Job Site and storage areas all surplus material, waste and debris resulting from Work done by (Garrison). Construction debris shall be removed to a legal refuse collection site with disposal or recycling fees paid by (Defendant). At completion of the Work, (Garrison)shall, in addition, remove from the Job Site all tools, equipment and staging brought to the Job Site by (Garrison) or Sub-subcontractors.*[3]

Citi also alleges that it was forced to mitigate its damages and undertake completion of the project independently.[4] Counsel for Citi sent notice to Garrison requesting the removal of materials and demanding a full refund in the amount of $58,769.68. Despite repeated demands, Garrison has made no attempt to remit the requested refund.[5]

Citi alleges that Garrison, and RLI, as surety are liable for all sums justly due.

## **RULE 12(b)(1) STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

---

[3] Construction Subcontract Agreement, p. 4, ¶ XVI.
[4] Plaintiff's exhibit C.
[5] Plaintiff's exhibits F and G.

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D.Tex.1995). The party asserting jurisdiction has the burden of pleading and proving that the Court has subject matter jurisdiction and must do so by a preponderance of the evidence. *Alabama-Coushatta Tribe of Texas v. United States*, 757 F.3d 484, 487 (5th Cir. 2014). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

When reviewing a "facial attack" on jurisdiction, the well-pleaded factual allegations of the Complaint are accepted as true, and the Court evaluates the sufficiency of those allegations. *Isom v. Louisiana Off. of Juv. Just.*, No. CV 21-00013, 2021 WL 5763560, at *2 (M.D. La. Dec. 3, 2021) (citing *Paterson v. Weinberger*, 644 F.2d 521, 524

(5th Cir. 1981)). A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Hall v. Louisiana*, 974 F. Supp. 2d 978, 985 (M.D. La. 2013) (citing *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir.1992)).\

## LAW AND ANALYSIS

Defendant, RLI, moves to dismiss the Complaint due to lack of subject matter jurisdiction pursuant Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant asserts that the Complaint is styled as an action on a payment bond under the Miller Act, 40 U.S.C. § 3131, *et seq.* and it invokes this Court's jurisdiction on federal question jurisdiction under 28 U.S.C. § 1331.

RLI maintains that the Miller Act does not apply to this dispute because Citi, the prime contractor on the federal project is suing upon a private bond that it required from its own subcontractor, Garrison, naming Citi, as the obligee. RLI asserts that the Miller Act requires the contractor (Citi) that holds the federal contract to furnish bonds to the Government, 40 U.S.C. § 3131(b), and it gives a right of action only to persons who furnished labor or material "in carrying out work provided for in a contract for which a payment bond is furnished under section 3131." 40 U.S.C. § 3133(b)(1). RLI explains that the Miller Act protects those who work beneath the prime contractor because they cannot assert liens against federal property.

RLI argues that the defect is jurisdictional, citing *Arena v. Graybar Electric Co.*, 669 F.3d 214 (5th Cir. 2012) (where no Miller Act bond exists, a Miller Act claim is "jurisdictionally deficient and fatally defective" and cannot anchor federal question jurisdiction under § 1331. *Id.* at 221.) RLI contends that because the Complaint alleges

that Citi and Garrison are both Louisiana limited liability companies, and the only sum it quantifies is $58,769.68, the Court should dismiss the Complaint for lack of subject matter jurisdiction.

RLI asserts that the Army Corp of Engineers (the "owner') entered into a contract with Citi ("contractor") to perform work. Citi then entered into a separate contract (the "subcontract") with Garrison who was to perform the work as a subcontractor. The Subcontract required Garrison to provide a performance bond "for building 400 guaranteeing faithful performance of the contract" and a payment bond in the same amount.[6] The bonds identify Garrison as the "contractor" and principal, RLI, as the surety, and Citi as the Owner, or obligee to whom the bonds run.[7] RLI remarks that neither of the bonds was furnished to the Government under a federal contract, and further notes that the Complaint alleges that Citi secured a bond in its favor from RLI, which was signed by the President of Garrison.[8]

Section 3131(b) provides that "[b]efore any contract of more than $100,000 is awarded for the construction, alteration, or repair of any public building or public work of the Federal Government, a person must furnish to the Government" two bonds: a performance bond "for the protection of the Government," and a payment bond "for the protection of all persons supplying labor and material in carrying out the work provided for in the contract." 40 U.S.C. § 3131(b)(1)-(2). The "person" who must furnish those

[6] Doc. 1-1, ¶ 24.
[7] *Id.* ¶ ¶ 32-37.
[8] *Id.* ¶ 3.

bonds is the "contractor," defined as "a person awarded a contract" for the federal work. *Id.* § 3131(a).

Section 3133(b)(1) permits a civil action only by "[e]very person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title and that has not been paid in full…" the action "must be brought… in the name of the United States for the use of the person bringing the action." *Id.* § 3133(b)(3)(A). The Supreme Court has confined the class of proper claimants to two groups:

> [T]he right to bring suit on a payment bond is limited to (1) those materialmen, laborers and subcontractors who deal directly with the prime contractor and (2) those materialmen, laborers and sub-subcontractors who, lacking express or implied contractual relationship with the prime contractor, have direct contractual relationship with a subcontractor and who give the statutory notice of their claims to the prime contractor.

*Clifford f. MacEvoy Co. v. United States ex rel. Calvin Tomkins Co.*, 322 U.S. 102, 107-208 (1944). The Act protects "persons supplying labor and material for the construction of federal public buildings in lieu of the protection they might receive under state statutes," because "state-law liens cannot be applied against federally-owned property and traditional state-law remedies are unavailable." *Arena*, 669 F.3d at 220 (internal quotation marks and citations omitted). In *MacEvoy,* the Supreme Court stated that "[i]t is easy for the prime contractor to secure himself against loss by requiring the subcontractors to give security by bond, or otherwise, for the payment of those who contract directly with the subcontractors." 322 U.S. at 110.

Here, RLI contends that because the bond was not furnished to the Government, the bonded contract is not a federal contract, the bond is a private bond, the United States is not a party, and the Complaint and its exhibits fail to establish that this arrangement is under the Miller Act. RLI remarks that it was Garrison who allegedly defaulted on its subcontract and thus Citi is owed completion costs and a refund. As such, RLI maintains that an obligee's default claim against its subcontractor's surety, is a creature of the bond's terms and Louisiana law. See *United States f/b/o Doten's Constr., Inc. v. JMG Excavating & Constr. Co.*, 223 F.R.D. 17, 18-19 (D. Me. 2004) (where the proposed claim could not "reasonably be read to allege that the bond on which it seeks to recover… was furnished under the Miller Act," the claimant "failed to establish the existence of federal-question jurisdiction"). Additionally, RLI notes that the allegation that RLI issued "the payment bond required under the Miller Act" is contradicted by the bonds themselves, which secure only Garrison's subcontract obligations to Citi.

Citi argues the RLI conflates the ultimate viability of Citi's Miller Act claim with whether the Court possesses subject matter jurisdiction and suggests that the circumstances here materially differ from *Arena.* Specifically, Citi points out that in *Arena,* Defendants failed to secure any bond as required by the Miller Act, which resulted in dismissal of Arena's Miller Act claim. *Arena*, 669 F.3d at 218.

Citi asserts that here, there is a bond and the subcontract expressly provided that it was "written under a Prime contract between Citi and USACE", under which Garrison

assumed specified duties and obligations arising from Citi's federal Prime Contract.[9] Citi relies on *United States for the Use of American Bank v. C.I.T. Construction Inc. of Texas*, where the court identified the "key distinction" as the fact that Arena's claim was jurisdictionally deficient because "the bond requirement was not satisfied."944 F.2d 253, 256-57 (5th Cir. 1991)).

Citi also contends that RLI's motion raises a substantive dispute concerning whether the payment bond issued in connection with Garrison's performance on an undisputed federal construction project falls within the Miller Act's statutory framework and whether Citi may obtain relief thereunder, citing *Bell v. Hood*, 327 U.S. 678 (1946) (holding that federal jurisdiction "is not defeated . . . by the possibility that the averments might fail to state a cause of action on which [the plaintiff] could actually recover.")

Citi contends that the bond identifies the underlying construction contract as the project at the Fort Polk Army Base and argues that when furnished to comply with a statutory or other legal requirement applicable where the construction is performed, provisions conforming to that requirement are incorporated into the bond and the instrument is to be construed as a statutory bond rather than a common-law bond.[10] Citi posits that the payment bond guaranteeing Garrison's payment obligations arose from the federally derived scope of work, [11] and as such did not arise independently of the federal project or in an unrelated private transaction. Citi maintains that its invocation of federal law is grounded in the actual contractual structure of an undisputed federal project.

---

[9] Doc 1, Exhibit A, Art. LI(A), p. 20.
[10] *Id.* p.1.
[11] *Id.* Art. XLIV(B), pp. 19-20.

RLI argues that the Miller Act's cause of action exists only on a payment bond "furnished under section 3131," 40 U.S.C. § 3133(b)(1), and section 3131 describes one instrument: a bond that the contractor holding the federal contract "must furnish to the Government." *Id.* § 3131(b). Thus, a bond that Garrison furnished to Citi under a private subcontract is not a defective Miller Act bond. It is not a Miller Act bond at all.

The relevant part of 40 U.S.C. § 3131 provides as follows:

> **(b) Type of bonds required.**--Before any contract of more than $100,000 is awarded for the construction, alteration, or repair of any public building or public work of the Federal Government, a person must furnish to the Government the following bonds, which become binding when the contract is awarded:
>
> **(1) Performance bond.**--A performance bond with a surety satisfactory to the officer awarding the contract, and in an amount the officer considers adequate, for the protection of the Government.
>
> **(2) Payment bond.**--A payment bond with a surety satisfactory to the officer for the protection of all persons supplying labor and material in carrying out the work provided for in the contract for the use of each person. The amount of the payment bond shall equal the total amount payable by the terms of the contract unless the officer awarding the contract determines, in a writing supported by specific findings, that a payment bond in that amount is impractical, in which case the contracting officer shall set the amount of the payment bond. The amount of the payment bond shall not be less than the amount of the performance bond.

The Court finds that the statute's text, requires that the surety bond must be furnished to the Government for the protection of the Government. Here, the bond is not furnished to the Government and as such is not for the protection of the Government. The bond at issue is between two private companies/entities, not the Government, nor is it for the protection of the Government, and the Government did not accept the bond. Additionally, there is no statutory bond requirement that obligated Garrison to bond its

subcontract obligations to Citi. Notably, Article XLIV of the subcontract requires the payment bond to remain in force "until the time permitted under Law for the filing of mechanics' and materialmen's liens on the Repair Metal Roofs, Package 4 Fort Polk, LA has passed, . . ." Here, Garrison's obligation is to Citi for its protection, not the Government. The Court finds that the bond is not under the Miller Act, and as such because Citi relies on federal law and not diversity jurisdiction, this Court lack jurisdiction.

Additionally, the Court finds that it would be futile in this instance to allow Citi to amend its Complaint. The plain text of the statute clearly establishes that the bond at issue and required by subcontract between Citi and Garrison is a private security bond and not under the Miller Act. As noted by RLI, no repleading can change who the bonds name as principal and obligee, to whom they were furnished, or Citi's position at the top of the contracting chain. To that extent the Court will deny Citi's request to amend.

## CONCLUSION

For the reasons explained herein, the Court will grant RLI Insurance Company's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 7) and dismiss the Complaint without prejudice for lack of subject matter jurisdiction.

**THUS DONE AND SIGNED** in chambers on this 2nd day of November, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**